IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UBALDO SANDOVAL,

      Plaintiff,

vs.                                                                     Civ. No. 14-817  KK

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

### ORDER OVERRULING DEFENDANT'S OBJECTIONS AND GRANTING, IN PART, PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT[1]

**THIS MATTER** is before the Court on Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support ("Motion"), filed March 21, 2016.[2] (Doc. 25.)  Defendant filed Objections ("Objections") to the Plaintiff's Motion on April 3, 2016.  (Doc. 26.)  Plaintiff filed a Reply on April 15, 2016.[3] (Doc. 29.)  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that Defendant's Objections are overruled, and that Plaintiff's Motion is **GRANTED IN PART**.

The Equal Access to Justice Act ("EAJA") provides that a fee award is required if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)).  Here the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to Magistrate Judge Kirtan Khalsa to conduct any or all proceedings, and to enter an order of judgment, in this case.  (Doc. 7, 9.)

[2] Plaintiff requested attorney's fees in the amount of $5,888.60.  (Doc. 25 at 1.)

[3] Plaintiff requested additional attorney's fees in the amount of $760.00 for time spent preparing his Reply.  (Doc. 29 at 3.)

dispute is whether the Commissioner's position was substantially justified. "Position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding that government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation).

The Commissioner bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.3d 966, 967 (10th Cir. 1987). The test for substantial justification is one of reasonableness in law and fact. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988). The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 565.) A lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). The Court is required to view the case as a whole. *See Hackett*, 475 F.3d at 1173, n. 1 (concluding that the Commissioner's position in the case was not "substantially justified" and that an EAJA fee was appropriate even though the Commissioner prevailed on five of six issues presented in district court, but where plaintiff obtained remand based on a single discrete issue that resulted in the unreasonable denial of benefits and the other issues did not provide a basis to affirm the ALJ's decision).

Plaintiff Ubaldo Sandoval ("Mr. Sandoval") raised two arguments for judicial review of the Commissioner's final decision denying his disability applications.[4] Following a meticulous

---

[4] (1) The record was insufficient and ambiguous regarding the effects of Mr. Sandoval's impairment on his functioning thereby triggering the ALJ's duty to develop the record; and (2) the ALJ's RFC assessment was

review of the entire record, the Court remanded Mr. Sandoval's action to the Social Security Administration finding the ALJ failed to properly evaluate the medical opinions and failed to develop the record.[5]  (Doc. 23 at 11-14.)   The Court further found that the ALJ's credibility assessment was not supported by substantial evidence.  (*Id.* at 14-16.)

In her Objections, the Commissioner reasserts her position that the ALJ properly evaluated the medical opinion evidence because she reasonably considered examining consultant Dr. Moedl's report, and that the opinions of the State agency nonexamining physician opinions were consistent with Dr. Moedl's report.  (Doc. 20 at 9-10, Doc. 26 at 4-6.)  The Commissioner also reasserts her position that the ALJ had no duty to develop the record because there was sufficient evidence to make a disability determination, and the absence of a medical source statement from Dr. Moedl regarding a claimant's functional limitations did not make his consultative exam report incomplete.  (Doc. 20 at 10-11, Doc. 26 at 6-8.)   Finally, the Commissioner reasserts her position that the ALJ gave several valid reasons for discounting Mr. Sandoval's credibility and the Court should not disturb her findings "even if it finds fault with one or more of those reasons."  (Doc. 20 at 11-16, Doc. 26 at 9-11.)  For these reasons, the Commissioner asserts that the government's position in the underlying proceedings and in the federal civil case was substantially justified.  The Court does not agree.

---

unsupported by the evidence and she improperly used the grids as a framework to determine Mr. Sandoval was not disabled. (Doc. 17 at 4.)

[5] Specifically the Court found that the ALJ improperly accorded great weight to and adopted the State agency nonexamining physician opinions, while failing to explain what weight, if any, she accorded to the examining consultant Dr. Karl Moedl's opinion.  (Doc. 23 at 11.)  Further, the Court found that the ALJ provided no explanation regarding why she favored the nonexamining source opinions over Dr. Moedl's, as she was required to do.  (*Id.*)  Further, the Court found that because Dr. Moedl's opinion was incomplete and did not conform to the regulations, the ALJ had a duty to contact him regarding Mr. Sandoval's functional limitations.  (*Id.* at 11-13.)

### A. The ALJ Failed to Properly Evaluate the Medical Opinions

The Commissioner has failed to demonstrate that the ALJ was substantially justified in failing to apply the correct legal standard to evaluate the medical opinions. Regulations require that regardless of the source, all medical opinions must be evaluated and weighed. 20 C.F.R. §§ 404.1527(c), 416.927(c). Further, the opinion of an examining source is generally entitled to more weight than a nonexamining agency physician who has never seen the claimant. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(1) and 416.927(c)(1). Here, the ALJ assigned great weight to and adopted the State agency nonexamining physician opinions (Tr. 28), but was silent regarding what weight, if any, she assigned to Dr. Moedl, an examining medical source. (*Id.*) Further, the ALJ provided no explanation regarding why she favored the nonexamining source opinions over Dr. Moedl's, when Dr. Moedl's opinion was presumptively entitled to more weight. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012); *see also Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (finding that even though a provider is not a treating physician, the ALJ is stilled required to consider the opinion and to provide specific, legitimate reasons for rejecting it). The Commissioner reargues that the ALJ was substantially justified in adopting the nonexamining source opinions because the State agency nonexamining source opinions and Dr. Moedl's opinion were consistent. (Doc. 20 at 10, Doc. 26 at 5.) Aside from the fact that the Commissioner has not addressed the ALJ's failure to apply the correct legal standard in evaluating the medical opinion evidence, the opinions are *not* consistent as the Commissioner argues. Dr. Moedl found that Mr. Sandoval walked with a limp, that his right knee was deformed with limited motion, that his knee was swollen and "looks very painful." (Tr. 262.) Dr. Moedl's impression was that Mr. Sandoval had degenerative arthritis in his right knee, with

pain and limited motion. (Tr. 263.) The nonexamining source nonetheless opined that Mr. Sandoval could stand and/or walk 6 hours in an 8-hour workday, could frequently climb ladders, ropes and scaffolds, and could frequently kneel, crouch and crawl.[6] (Tr. 56-57.) Generally, the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Here, however, the ALJ gave great weight to the nonexamining source opinion in the face of its inconsistency with the examining source opinion. Moreover, the ALJ did not state that the two opinions were consistent as an explanation for giving great weight to the nonexamining source. The Court will not adopt the Commissioner's post-hoc rationalization for the ALJ's lack of findings that are not apparent from the ALJ's decision itself. *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (finding the court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision). For these reasons, the Commissioner has failed to proffer any reasonable basis for the ALJ's error, or the Commissioner's litigation position in arguing there was no error. As such, the Commissioner has not carried its burden of proving that its position was substantially justified.

## B. Duty to Develop the Record

The Commissioner reasserts that the ALJ was substantially justified in failing to develop the record because there was sufficient evidence to make a disability determination, and the absence of a medical source statement from Dr. Moedl regarding Mr. Sandoval's functional limitations did not make his consultative exam report incomplete. (Doc. 20 at 10-11, Doc. 26 at 6-8.) A social security disability hearing is nonadversarial, with the ALJ responsible in every case "to ensure that an adequate record is developed during the disability hearing consistent with

---

[6] The ALJ's residual functional capacity limited Mr. Sandoval to only occasional crouching, kneeling and crawling. (Tr. 25.)

the issues raised." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). The Social Security Administration "may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 C.F.R. §§ 404.1519a and 416.919a. Consultative exams are purchased only from a qualified medical source. 20 C.F.R. §§ 404.1519g and 416.919g. Regulations require a consultative source's report to include a statement regarding a claimant's ability to do work-related activities despite their impairment(s). 20 C.F.R. §§ 404.1519n(b) and (c)(6), 416.919n(b) and (c)(6); *see also Armer v. Apfel*, 216 F.3d 1086, at *3 (10th Cir. 2000) (unpublished)[7] (noting that a complete consultative examination report calls for an RFC). Regulations clarify when a complete report is not required. *See* 20 C.F.R. §§ 404.1519n(d), 416.919n(d) (describing when a complete consultative examination and report are not required such as when only a specific laboratory test result is needed to complete the record). The regulations also require that the Commissioner will review a consultative examiner's report to determine whether the specific information requested was furnished. 20 C.F.R. §§ 404.1519p(a), 416.919p(a). If the report is found to be inadequate or incomplete, the medical source will be contacted to provide the missing information or to prepare a revised report. 20 C.F.R. §§ 404.1519p(b), 416.919n(b).

A consultative examination was required in this case because "[t]he evidence as a whole, both medical and non-medical, [was] not sufficient to support a decision on the claim." (Tr. 54, 62, 72.) As the Court explained in its Memorandum Opinion and Order, the agency bears the responsibility to ensure that a consultative examination and report conform to the regulations. *Armer*, 216 F.3d 1086, at *3. Here, there is no evidence that the requested consultative exam

---

[7] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

was limited. (Doc. 23 at 13.) Additionally, upon further review, there is no evidence to determine what specific information was initially requested or that the ALJ sufficiently reviewed the report to determine that the specific information requested had been furnished. Moreover, the medical evidence in this case was minimal and inconsistent. (Doc. 23 at 7-11.) As such, the evidence was insufficient. Under these circumstances, the Court found that the ALJ had an obligation to fully and fairly develop the record regarding the severity and limiting effects of Mr. Sandoval's impairments. (Doc. 23 at 13.) To that end, in this instance, the ALJ had the efficient option of contacting Dr. Moedl to obtain a medical source statement as the regulations provide, which she did not do. §§ 404.1519p(b), 416.919p(b). While the absence of a medical statement about what a claimant can still do despite his impairment(s) will not make a consultative report *per se* incomplete, the ALJ nonetheless failed in her obligation to develop the record because the report was clearly inadequate and the evidence was insufficient. For these reasons, the Commissioner has failed to proffer a reasonable basis for the ALJ's failure to develop the record. As such, the Commissioner has not carried its burden of proving that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

### C. Credibility Findings

The Commissioner reasserts her position that the ALJ reasonably found that Mr. Sandoval's subjective complaints were not entirely credible. (Doc. 20 at 11-16, Doc. 26 at 8-11.) The Commissioner argues that because the ALJ gave several reasons for discounting Mr. Sandoval's credibility, the Court should not disturb her credibility findings, "even if it finds fault with one or more of those reasons." (Doc. 20 at 15, Doc. 26 at 10.) "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such

determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation omitted)). Nevertheless, an ALJ's credibility finding "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.; see also* SSR 96-7p, 1996 WL 374186, at *2 ("it is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). "The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence[.]" SSR 96-7p, 1996 WL 374186, at *4.

Here, the ALJ listed several reasons for finding that Mr. Sandoval's credibility was "poor." (Tr. 27.) For the reasons stated in its Memorandum Opinion and Order, which the Court will not repeat here, the Court found that many of the ALJ's credibility findings were not supported by substantial evidence. *See* Doc. 23 at 14-16. Upon further review, many of the ALJ's remaining credibility findings are also not supported by substantial evidence.

For example, the ALJ found that Mr. Sandoval was not credible because he had not sought medical treatment for his knee pain since 2003. (Tr. 27-28.) However, Mr. Sandoval's counsel informed the ALJ that after his work-related knee injury, Mr. Sandoval attempted to work performing maintenance, but that he was unable to continue working because his knee started giving him more and more trouble. (Tr. 35.) She further stated that Mr. Sandoval had attempted to get medical treatment numerous times, but had been turned away. (Tr. 36.) Finally, she stated that she had encouraged Mr. Sandoval to go to the University of New Mexico Hospital for financial aid, and that he had just barely followed through. (Tr. 35.) An "adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a

failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." SSR 96-7p, 1996 WL 374186, at *7. The fact that "[t]he individual may be unable to afford treatment and may not have access to free or low-cost medical services" is a legitimate excuse. *Id.* at *8. Here, the record supports that, at least up until the time of the hearing, Mr. Sandoval was unable to afford treatment for some time and did not have access to free or low-cost medical services. The ALJ's credibility finding as to this issue is not supported by substantial evidence.

Another example is the ALJ found that Mr. Sandoval was incredible because he only used over the counter medication for his pain. (Tr. 28.) However, the ALJ did not explain how Mr. Sandoval could obtain prescription strength pain medication when he had no access to medical care. The ALJ's credibility finding as to this issue is not supported by substantial evidence.

Another example is that the ALJ found Mr. Sandoval incredible because on July 7, 2011, he reported to Dr. Moedl that he could lift about 10 pounds, but testified at the hearing on November 15, 2012, that he was not able to lift anything because if he attempted to bend down his knee would hurt a lot. (Tr. 28.) Fifteen months had passed from the time Mr. Sandoval reported to Dr. Moedl his ability to lift and the time Mr. Sandoval testified before the ALJ. Moreover, the record supports that when Mr. Sandoval updated his disability report on January 18, 2012, he indicated, *inter alia*, that he had begun using crutches to walk which evidences his condition was deteriorating. (Tr. 244.)

> The lack of consistency between an individual's statements and other statements that he or she has made at other times does not necessarily mean that the individual's statements are not credible. Symptoms may vary in their intensity, persistence, or functional effects, or may worsen or improve with time, and this may explain why the individual does not always allege the same intensity, persistence, or functional effects of his or her symptoms. Therefore, the

adjudicator will need to review the case record to determine whether there are any explanations for any variations in the individual's statements about symptoms and their effects.

SSR 96-7p, 1996 WL 374186, at *5.  The ALJ's credibility finding as to this issue is not supported by substantial evidence.

Finally, one last example is that the ALJ found Mr. Sandoval incredible because on July 7, 2011, he stated he could shop for groceries about twice a week, but on November 15, 2012, he testified that he never bought groceries and did not go out of the house.[8]  (Tr. 28.)  This finding does not amount to substantial evidence that Mr. Sandoval did not suffer from disabling pain.  *See* SSR 96-7p, 1996 WL 374186, at *5 (describing why an individual's statements may lack consistency); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (finding that the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain) (citations omitted).

For these reasons, the Commissioner's argument that the ALJ gave *several* valid reasons for discounting Mr. Sandoval's credibility and that the Court should not disturb the ALJ's credibility findings even if it finds fault with one or more of those reasons is not persuasive.  Here, arguably none of the ALJ's credibility findings are supported by substantial evidence.  For these reasons, the Commissioner has failed to proffer any reasonable basis that the ALJ's credibility findings are supported by substantial evidence, or the Commissioner's litigation position in arguing they were.  As such, the Commissioner has not carried its burden of proving

---

[8] Only two reasons remain.  The first is that the ALJ found Mr. Sandoval incredible because she determined his x-ray findings could not have supported the level of pain he alleged (Tr. 27), which is a questionable finding since the adjudicator must carefully consider the individual's statements about symptoms of pain with the rest of the relevant evidence in the case record, SSR 96-7p, 1996 W 374186, at *1, and Dr. Moedl's observations support the level of pain Mr. Sandoval alleged.  (Tr. 261-63.)  The second is that Mr. Sandoval's statements regarding his ability to sit changed over time (Tr. 28), which the Court has essentially already addressed above with respect to Mr. Sandoval's ability to lift.

that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

For the foregoing reasons, the Court finds the Commissioner's position as a whole was not substantially justified.

**IT IS THEREFORE ORDERED** that the Commissioner's Objections to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **GRANTED** and Mr. Sandoval is awarded $5,888.60 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that if Mr. Sandoval's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Mr. Sandoval's counsel shall refund the smaller award to Mr. Lopez pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **DENIED** regarding his request for fees in preparing his Reply because his Reply did not assist the Court in making its determination.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA
United States Magistrate Judge
Presiding by Consent**